CC-2000-555,
CC-2000-556 y CC-2000-557

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Madeline Padilla Falú<br>Eliza Ríos Rodríguez<br>Norma Iris Santiago Rubert<br>Cruz María Torres Laboy<br>Luz Divina Negrón Rubio<br>    Peticionarias la Segunda,<br>    Tercera y Quinta<br><br>            v.<br><br>Administración de Vivienda de<br>Puerto Rico p/c de<br>J.A. Machuca Ass. Inc.<br>    Recurrido | Certiorari<br><br>2001 TSPR 130<br><br>155 DPR _____ |

Número del Caso: CC-2000-555
     Cons. con: CC-2000-556
               CC-2000-557


Fecha: 26/septiembre/2001


Tribunal de Circuito de Apelaciones:
                    Circuito Regional V


Juez Ponente:
                    Hon. Jorge Segarra Olivero


Abogada de Eliza Ríos Rodríguez y Norma Iris Santiago Rubert:
                    Lcda. Marta Díaz Pietri


Abogada de Luz Divina Negrón Rubio:
                    Lcda. Nívea del C. Rodríguez Santiago

Abogados de la Administración de Vivienda de P.R.:
                    Lcdo. José E. González Borgos
                    Lcda. Diana M. Batlle Barasorda
                    Lcda. Clotilde Rexach Benítez


Materia: Revisión Administrativa


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Madeline Padilla Falú
Eliza Ríos Rodríguez
Norma Iris Santiago Rubert
Cruz María Torres Laboy
Luz Divina Negrón Rubio

|  | CC-2000-555 | |
| Peticionarias la | CC-2000-556 | Certiorari |
| Segunda, Tercera y Quinta | CC-2000-557 | |
| v. | Cons. | |

Administración de Vivienda
de Puerto Rico p/c de
J.A. Machuca Ass. Inc.

    Recurrido


Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO


San Juan, Puerto Rico, a 26 de septiembre de 2001.

I

Las demandantes de epígrafe son arrendatarias de la Administración de Vivienda Pública (en lo sucesivo "Vivienda"), en residenciales privatizados acogidos a los beneficios de fondos federales. Las demandantes suscribieron unos contratos de arrendamiento con Vivienda. J.A. Machuca & Associates, Inc., compañía encargada de administrar y dar mantenimiento a residenciales públicos, representó a Vivienda en el otorgamiento de tales contratos. Éstos luego fueron enmendados unilateralmente para incorporar los cambios que

surgieron en virtud de la aprobación por el Congreso de los Estados Unidos de la ley que establece el concepto de "One Strike and You're Out" como política pública. 42 U.S.C.A. sec. 1437(d)(l)(6) (1996).[1]

Como consecuencia de la referida enmienda a los contratos de varios vecinos de los residenciales, han surgido los siguientes casos:

A) El 16 de marzo de 1994, Eliza Ríos Rodríguez contrató con Vivienda el arrendamiento de un apartamento ubicado en el Residencial Arístides Chavier en Ponce, Puerto Rico. El 27 de mayo

---

[1] Con respecto a las obligaciones del arrendatario, se enmendó el inciso (C) de la 8va condición del contrato para disponer que:

"[u]sará la vivienda exclusivamente como su domicilio privado para el [sic] y los miembros del grupo familiar identificados en el contrato y no usará o permitirá que ningún miembro del grupo familiar o huésped las use para:

A. ...
B. ...
C. actividades criminales cometidas dentro de la demarcación territorial de Puerto Rico y los Estados Unidos relacionados [sic] a la venta de drogas, narcóticos, armas, y los juegos prohibidos. El término "Actividad Criminal relacionada con drogas" significa la manufactura, fabricación, venta, distribución, transportación, manejo, uso o posesión ilegal con intensión [sic] de fabricar, usar, vender, distribuir, transportar o usar sustancias controladas de manera ilegal. Ésta [sic] conducta, junto a la participación, cooperación o encubrimiento de la actividad criminal violenta en unidades o proyectos de vivienda pública en Puerto Rico o cualquier estado o territorio de los Estados Unidos; será motivo para la cancelación unilateral del Contrato de Arrendamiento de Vivienda Pública, independientemente de la acción judicial que las autoridades competentes tomen en el caso. La Administración de Vivienda Pública considerará la evidencia incautada o levantada por la autoridad competente como causa suficiente para cancelar unilateralmente el
continúa...

[1]...continuación

contrato de arrendamiento con el arrendatario."

de 1997, se enmendó el contrato para incluir la cláusula antes citada.

El 18 de agosto de 1999, la Policía de Puerto Rico arrestó a uno de los miembros del grupo familiar de la Sra. Ríos Rodríguez, por la alegada comisión del delito de robo. 33 L.P.R.A. sec. 4279. Por tanto, el 1 de noviembre de 1999, J.A. Machuca & Associates, Inc. le notificó por escrito a la Sra. Ríos Rodríguez la terminación de su contrato, efectivo el día 30 de ese mes. Le informó, además, su derecho a solicitar una vista administrativa, la cual se celebró el 21 de diciembre de 1999.

El 30 de diciembre de 1999, el Sr. Winston Laboy Milán –Oficial Examinador– emitió una resolución administrativa decretando que procedía la cancelación de dicho contrato.[2]

Inconforme, la Sra. Ríos Rodríguez recurrió ante el Tribunal de Circuito de Apelaciones.

B) El contrato de arrendamiento entre la Sra. Norma Iris Santiago Rubert y Vivienda se suscribió el 16 de octubre de 1996, sobre un apartamento localizado en el Residencial Villa del Parque

---

[2] Cabe indicar que, a pesar de ser ésta una resolución interlocutoria, se le advirtió a la Sra. Ríos

continúa...

[2]...continuación

Rodríguez, incorrectamente, que dentro del término correspondiente podía instar un recurso de revisión judicial ante el Tribunal de Circuito de Apelaciones. La parte pertinente de la resolución lee como sigue:

> CERTIFICO: Que se ha archivado en autos la original de esta Resolución administrativa hoy ____ de _____ de 1999 [sic]. De no estar de acuerdo con la misma y de conformidad con la Ley de Procedimientos Administrativos; Ley "170 del 12 de agosto de 1988["] y posteriormente enmendada en 1996, la parte adversamente afectada por esta Resolución final, podría presentar una solicitud de Revisión ante el Tribunal de Circuito de Apelaciones, dentro del término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la Resolución.

en Juana Díaz, Puerto Rico. El contrato se enmendó el 28 de mayo de 1997, a los fines de incluir la referida cláusula.

Posteriormente, el 23 de octubre de 1999, uno de los miembros del grupo familiar de la Sra. Santiago Rubert fue arrestado por violación al artículo 401 de la Ley de Sustancias Controladas. 24 L.P.R.A. sec. 2401. Por

CERTIFICO: Que yo, la abajo firmante, he archivado en autos, copia de la notificación de esta Resolución el día 30 de diciembre de 1999.

consiguiente, el 1 de diciembre de 1999, J.A. Machuca & Associates, Inc. le informó por escrito a la Sra. Santiago Rubert la terminación del contrato y su derecho a solicitar una vista administrativa. La misma se llevó a cabo el 10 de diciembre de 1999.

Mediante resolución administrativa de 30 de diciembre de 1999, el Oficial Examinador decretó la procedencia de la cancelación del contrato en cuestión. Dicha resolución contiene el mismo apercibimiento con respecto a la revisión judicial.

No conforme con este dictamen, la Sra. Santiago Rubert presentó revisión administrativa ante el Tribunal de Circuito de Apelaciones.

C) El 1 de mayo de 1998, la Sra. Luz Divina Negrón Rubio suscribió con Vivienda un contrato de arrendamiento sobre un apartamento ubicado en el Residencial Arístides Chavier en Ponce, Puerto Rico. El contrato se enmendó en esa misma fecha con el propósito de incluir la cláusula antes citada.

El 13 de abril de 1999, la Policía de Puerto Rico arrestó a uno de los miembros del grupo familiar encabezado por la Sra. Negrón Rubio, por alegada violación al artículo 4 de la Ley de Armas, 25 L.P.R.A. 414, y por la comisión del delito de robo, *supra*. En consecuencia, el 1 de noviembre de 1999, J.A. Machuca & Associates, Inc. le notificó por escrito a la Sra. Negrón Rubio la terminación del contrato de arrendamiento, efectivo el 30 de noviembre de 1999, así como su derecho a solicitar una vista administrativa. Dicha vista se celebró el 24 de noviembre de 1999.

El 30 de diciembre de 1999, el Oficial Examinador emitió una resolución mediante la cual determinó que procedía la cancelación del contrato. Esta resolución también contiene el mismo apercibimiento con respecto a la revisión judicial.[3]

---

[3] Cabe indicar que, como resultado de la decisión del Oficial Examinador, la Sra. Ríos Rodríguez, la Sra. Santiago Rubert, la Sra. Negrón Rubio y sus respectivos grupos familiares nunca fueron desalojados de su vivienda.

Inconforme, la Sra. Negrón Rubio acudió mediante revisión administrativa al Tribunal de Circuito de Apelaciones.[4]

Mediante resoluciones de 27 de enero y 24 de febrero de 2000, el Tribunal de Circuito de Apelaciones[5] ordenó la consolidación de los recursos, por éstos plantear idénticas cuestiones de derecho. Así las cosas, el 19 de mayo de 2000, emitió resolución estableciendo que el Oficial Examinador no es el funcionario de Vivienda autorizado por Ley para emitir resoluciones u órdenes finales. En vista de lo anterior, concluyó que tales recursos eran prematuros y que, por tanto, carecía de jurisdicción para considerarlos. Así, pues, devolvió los casos a Vivienda para la continuación de los procedimientos.

Inconformes, las aquí recurrentes –Sra. Ríos Rodríguez, Sra. Santiago Rubert y Sra. Negrón Rubio–acuden ante nos el 21 de junio de 2000 mediante sus respectivas peticiones de certiorari. En esencia, señalan que erró el tribunal apelativo al declararse sin jurisdicción por prematuridad y al concluir que el Oficial Examinador no es un funcionario autorizado para emitir resoluciones u órdenes finales.

Además, en esa misma fecha, las peticionarias presentaron una *Moción Explicativa Por Lo Que Se Están Presentando Los Recursos Consolidados En Escritos Separados, Pero Bajo Los Mismos Fundamentos.* De dicho escrito surge que en el caso número KLRA20000225, a pesar de tratar sobre hechos similares a los del caso de epígrafe, el Panel V del Tribunal de Circuito de Apelaciones –integrado por las Juezas Fiol Matta y Rodríguez de Oronoz y el Juez

---

[4] Cabe señalar que Madeline Padilla Falú y Cruz María Torres Laboy también recurrieron al Tribunal de Circuito de Apelaciones de la cancelación de sus contratos de arrendamiento con Vivienda. Sin embargo, éstas no acudieron ante nos del dictamen de dicho foro. Por tal razón, no entraremos en los hechos particulares de sus recursos.

[5] Panel V integrado por los Jueces Segarra Olivero, Negroni Cintrón y Soler Aquino.

González Román- asumió jurisdicción y revocó el dictamen de la Administración de Vivienda Pública.

Mediante resolución de 25 de agosto de 2000, consolidamos los recursos y expedimos auto de certiorari. Recibidos los alegatos correspondientes, resolvemos.

II

El artículo 14 del Reglamento para la Atención de Quejas y Señalamientos en los Residenciales Públicos adoptado por el Departamento de la Vivienda, dispone lo siguiente con respecto al Informe del Oficial Examinador:

1. El Oficial Examinador notificará a las partes su decisión, dentro de treinta (30) días calendario siguientes a la fecha de haber finalizado la vista mediante informe escrito, indicando las determinaciones de hecho y las conclusiones de derecho y sus recomendaciones sobre el caso. **Dicho informe conjuntamente con el expediente del caso será remitido al Administrador para proceder a emitir la resolución u orden final.**

2. La resolución u orden deberá incluir y exponer las determinaciones de hecho, conclusiones de derecho, la disponibilidad del recurso de reconsideración o revisión, según sea el caso. **La orden o resolución deberá ser firmada por el administrador** y entregada personalmente o por correo certificado a las partes. (Énfasis suplido.)

Reiteradamente, hemos señalado que una orden o resolución final es aquella que pone fin a los procedimientos ante la agencia y cuyo efecto es sustancial sobre las partes. *Junta Examinadora de Tecnólogos Médicos v. Anneris Elías y otros,* res. el 26 de noviembre de 1997, 97 J.T.S. 141, p. 320. Véase, además, D. Fernández Quiñones, *Derecho Administrativo y la Ley de Procedimiento Administrativo Uniforme,* Ed. Forum, 1993, p. 479.

En cuanto a las resoluciones u órdenes finales, el artículo 15 de dicho reglamento establece:

[e]l Administrador de la Administración de Vivienda Pública emitirá la resolución u orden final del caso basado en el informe del Oficial Examinador y el expediente, en un término que no podrá exceder de noventa (90) días, después de finalizada la vista. Salvo que el mismo sea

renunciado o ampliado con el consentimiento escrito de todas las partes o causa justificada.

Sobre este particular, el segundo y tercer párrafo de la sección 3.14 de la Ley Núm. 170 de 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme (en lo sucesivo "L.P.A.U."), 3 L.P.R.A. sec. 2164, dispone:

[l]a orden deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. **La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.**

La orden o resolución advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos. (Énfasis suplido.)

El artículo 4.002 de la Ley Núm. 248 de 25 de diciembre de 1995, según enmendada, conocida como la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22k(g), le confiere competencia al Tribunal de Circuito de Apelaciones para revisar las resoluciones u órdenes de las agencias administrativas.[6] Conforme al historial legislativo de la L.P.A.U., tal facultad está limitada a las resoluciones u órdenes **finales** de las agencias. *Junta Examinadora de Tecnólogos Médicos v. Anneris Elías y otros,* supra, p. 320.

La sección 4.2 de la L.P.A.U., 3 L.P.R.A. sec. 2172, en lo pertinente, establece:

[u]na parte adversamente afectada por **una orden o resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo

---

[6] El inciso (g) del artículo 4.002 de la Ley de la Judicatura, *supra,* lee como sigue:

(g) Mediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por las secs. 2101 et seq. del Título 3, conocidas como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final** de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165 de este título, cuando el término para solicitar la revisión [sic] judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis suplido.)

La doctrina de agotamiento de remedios administrativos recogida en la sección 4.2 de la L.P.A.U., *supra*, constituye una norma de abstención judicial, cuyo propósito es evitar que las reclamaciones presentadas ante una agencia administrativa lleguen al foro judicial a destiempo. *Igartúa de la Rosa v. Administración del Derecho al Trabajo*, res. el 23 de diciembre de 1998, 98 T.S.P.R. 170, 98 J.T.S. 157.

Reiteradamente hemos expresado que, en virtud de las doctrinas de agotamiento de remedios administrativos y revisión judicial, los tribunales –a su discreción– se abstendrán de evaluar la actuación de la agencia hasta tanto la persona o junta que dirija dicha entidad resuelva, en su totalidad, la cuestión litigiosa. *Junta Examinadora de Tecnológos Médicos v. Anneris Elías y otros*, supra, p. 321.

A la luz de los principios expuestos, resolvemos.

### III

En el presente caso, las resoluciones administrativas de las cuales se recurrió ante el Tribunal de Circuito de Apelaciones las emitió el Oficial Examinador de Vivienda. A tenor del artículo 14 del Reglamento para la Atención de Quejas y Señalamientos en los Residenciales Públicos, el Oficial Examinador deberá preparar un informe escrito que contenga las determinaciones de hecho, las conclusiones de derecho y sus recomendaciones sobre el asunto. Posteriormente, el Oficial Examinador remitirá dicho informe y el expediente del caso al Administrador de Vivienda para que sea éste quien dicte la resolución u orden final.

No surge del expediente que, en la situación de autos, el Administrador de Vivienda haya acogido el informe del Oficial Examinador y haya emitido una resolución final. En vista de que el Oficial Examinador no es el funcionario autorizado para dictar resoluciones finales de Vivienda, dictaminamos que los recursos presentados ante el foro apelativo eran prematuros, por lo que procedía desestimarlos por falta de jurisdicción. *Rodríguez Díaz v. Zegarra*, res. el 27 de marzo de 2000, 2000 T.S.P.R. 51, 2000 J.T.S. 64.

Innumerables veces hemos señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *López Stubbe v. Gus Lallande*, res. el 4 de febrero de 1998, 98 T.S.P.R. 8, 98 J.T.S. 9. La notificación incorrecta a las peticionarias de su derecho a acudir en revisión judicial ante el Tribunal de Circuito de Apelaciones, no tuvo el efecto de concederle jurisdicción a dicho foro. Sin embargo, ello no soslaya el derecho de las peticionarias a que, una vez el Administrador emita la resolución final, éstas soliciten reconsideración o revisión, según corresponda.

En vista de que las resoluciones de las cuales las peticionarias recurrieron ante el Tribunal de Circuito de Apelaciones no eran finales y, por cuanto en el caso de epígrafe no se han agotado los remedios administrativos, el foro apelativo carecía de jurisdicción para considerar los recursos presentados ante sí. Por las razones que anteceden, confirmamos el dictamen del Tribunal de Circuito de Apelaciones y devolvemos estos recursos a la Administración de Vivienda Pública de Puerto Rico para la continuación de los procedimientos de conformidad con lo aquí expuesto.

Se dictará sentencia de conformidad.

BALTASAR CORRADA DEL RÍO
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Madeline Padilla Falú
Eliza Ríos Rodríguez
Norma Iris Santiago Rubert
Cruz María Torres Laboy
Luz Divina Negrón Rubio

    CC-2000-555

    Peticionarias la        CC-2000-556     Certiorari
    Segunda, Tercera y Quinta    CC-2000-557
        v.           Cons.

Administración de Vivienda
de Puerto Rico p/c de
J.A. Machuca Ass. Inc.

    Recurrido


SENTENCIA


San Juan, Puerto Rico, a 26 de septiembre de 2001.


Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma el dictamen del Tribunal de Circuito de Apelaciones y se devuelven estos recursos a la Administración de Vivienda Pública de Puerto Rico para la continuación de los procedimientos de conformidad con lo aquí expuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.


                Isabel Llompart Zeno
           Secretaria del Tribunal Supremo